## BEE v. FOWLER.
### No. 2503.

Court of Civil Appeals of Texas. El Paso.
March 5, 1931.

John F. Weeks, of El Paso, for appellant.
John L. Fowler, of Odessa, for appellee.

WALTHALL, J.

This case presents an appeal from the order of the county court of Ector county overruling appellee's plea of privilege to be sued in El Paso county, the county of his residence, at the time of the filing of the suit. The suit was originally filed in the justice court of Ector county, in which court appellee filed his plea of privilege, which plea was overruled, and an appeal duly prosecuted to the county court, in which court the plea was duly presented, and a controverting plea duly presented. The county court heard the evidence offered on the pleas, and the plea of privilege was overruled, to which ruling appellee excepted and gave notice and perfected this appeal.

### Opinion.

This suit was brought by John L. Fowler against Proctor K. Bee, sole owner and operator of the Elite Laundry Truck Line, a freight bus line, operating over the Bankhead highway between El Paso, through Ector county, to Midland.' The suit is on an open account for legal services rendered appellant by appellee, at Odessa, Ector county, in procuring the permit to operate the freight bus line. The evidence offered on the pleas is as follows:

"Proctor K. Bee, being duly sworn, testified as follows: I formerly lived in Ector County, Texas, while living here I decided tō put on a truck line between Midland and El Paso, and employed the plaintiff, John L. Fowler, as my attorney to do the legal work in obtaining a Class A. permit, and he obtained the permit. I began operating the truck line from Midland, Midland County, Texas, to El Paso, El Paso County, Texas, and before the institution of this suit I moved to El Paso, El Paso County, Texas, and was living there at the time this suit was filed, also at the time service was had upon me, and I have lived in El Paso County, Texas, ever since, and live there now. I did not live in Ector County, Texas, any time since this suit was instituted. It is true that I operated a truck line by virtue of my permit, and I had a driver on my truck and at the time of the service in this case I was then hauling freight to Odessa, Ector County, Texas, and from Odessa, and collected for the hauling. I am a married man and the head of a family and at the time of the institution of this suit and the service upon me and ever since I have lived in El Paso with my family. The suit was filed upon an open account and there was no written contract of any nature.

"John L. Fowler, being duly sworn, testified as follows: I am now and have been for a long time a practicing attorney at Odessa, Ector County, Texas. The defendant, Proctor K. Bee came to me and employed me to obtain for him a Class A permit to run a truck line and haul freight from Midland County, Texas, to El Paso, El Paso County, Texas, and from El Paso, Texas, to Midland, Texas. I did a great deal of work such as getting up the rates, mileages and distances and even went to the railroad agent and in fact I figured out all of his rates and every thing else pertaining to it. I obtained for him a Class A permit as above stated and at the time of the institution of this suit as well as at the time of the service of same, the defendant Bee was operating a truck and truck line on his daily schedule between El Paso, Texas and Midland, Texas, also hauled freight and delivered the same and collected the freight from various persons in Odessa, Texas, and that I consider Mr. Bee in the operation of his truck line a common carrier for hire, and so believing I brought this suit in Ector County, Texas, on the theory that he was a common carrier for hire and suit could be brought in any county through which he hauled and delivered freight, and further that the services rendered was labor done for the defendant in Ector County, Texas, and I also thought that this would give the Courts of Ector County, Texas, jurisdiction. So far as I know the defendant lives in El Paso and has not lived in Ector County, Texas since the institution of this suit.

"D. Vance Swann,
"County Judge, Ector County, Texas."

A suit on open account for legal service rendered is not an exception under the venue statute authorizing an inhabitant of this state to be sued out of the county in which he has his domicile. Appellee relies also upon subdivision 24, of article 1995, of the Statute. That subdivision reads: "*Carriers.*—Suits arising from damage or loss to any passenger, freight, baggage or other property, by reason of its transportation, or contract in relation thereto, in whole or in part by one or more common carriers or the assignees, lessees, trustees or receivers thereof, operating or doing business as such in this State, or having agents or representatives in this State, may be brought against one or more of those so doing business, in any county where either does business or has an agent or representative."

It is clear that the suit for legal service is not one arising from damages or loss to any passenger, freight, baggage or other property, by reason of its transportation, or contract in relation thereto.

We feel that a discussion as to purpose of subdivision 24, of the venue statute, is unnecessary.

The case is reversed, and an order is here entered that the case be transferred to the justice court, precinct No. 1, of El Paso county, for trial on the merits.